IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL KINTZELL<br><br>vs.<br><br>WORLD FACTORY, INC.<br>and<br><br>TRUE VALUE COMPANY<br>and<br><br>ACE HARDWARE CORPORATION | C.A. No.<br><br><br><br>Formerly Philadelphia County<br>Court of Common Pleas<br>November Term 2011, No. 0660 |

**NOTICE OF FILING OF A NOTICE OF REMOVAL TO THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

TO:   Thomas F. Sacchetta, Esquire
      Sacchetta & Baldino
      308 East Second Street
      Media, PA  19063

**PLEASE TAKE NOTICE** that Defendant, True Value Company, in the matter of Paul Kintzell v. World Factory, Inc., True Value Company and Ace Hardware Corporation, originally pending in the Court of Common Pleas in the County of Philadelphia, Pennsylvania, November Term, 2001, No. 0660, filed in the United States District Court for the Eastern District of Pennsylvania, a Notice of Removal of said case to the Eastern District of Pennsylvania.  A copy of the Notice of Removal is attached hereto and served herewith.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**


By: /s/ Joseph Bongiovanni   [JMB2278]
    Joseph Bongiovanni, IV, Esquire
    PA Identification No. 87848
    Attorney for Defendant,
    True Value Company

1800 John F. Kennedy Boulevard
Suite 1900
Philadelphia, PA  19103
jbongiovanni@mooclaw.com
215-564-6688

Date:  February 24, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL KINTZELL<br><br>vs.<br><br>WORLD FACTORY, INC.<br>and<br><br>TRUE VALUE COMPANY<br>and<br><br>ACE HARDWARE CORPORATION | C.A. No.<br><br><br>Formerly Philadelphia County<br>Court of Common Pleas<br>November Term 2011, No. 0660 |

**NOTICE OF REMOVAL**

To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania:

Defendant, True Value Company, by its undersigned counsel, respectfully places the Court on notice of the removal of this action from the Philadelphia County Court of Common Please to the United States District Court for the Eastern District of Pennsylvania and in support thereof, avers as follows:

1. On or about November 10, 2011, Plaintiff commenced this action by filing a writ of Summons in the Court of Common Pleas of Philadelphia, County, Pennsylvania, captioned at <u>Paul Kintzell v. World Factory, Inc., True Value Company and Ace Hardware Corporation</u>, November Term, 2011, No. 0660.

2. Defendant, True Value Company, was served with Plaintiff's Writ via certified mail on or about November 22, 2011.

3. Thereafter, following a Rule to File Complaint issued by the Court, Plaintiff filed his Complaint on or about January 26, 2012. <u>See</u>, Pl.'s Compl. attached hereto as Exhibit A.

4. Said Complaint was received by True Value Company on January 30, 2012.

5. According to Plaintiff's Complaint, Plaintiff, Paul Kintzell, is a citizen of the Commonwealth of Pennsylvania who currently resides at 2526 Bond Avenue, Drexel Hill, Pennsylvania, 19026. Id. at ¶ 1.

6. Defendant, World Factory Inc., is a Delaware Corporation with its headquarters in Tarrant County, Texas. See, Ltr. from outside counsel for Defendant, World Factory, Inc., attached hereto as Exhibit B.

7. Defendant, True Value Company, is a Delaware Corporation with a principal place of business in Chicago, Illinois.

8. Defendant, Ace Hardware Corporation is a Delaware Corporation with a principal place of business located at 2200 Kensington Court, Oak Brook, IL 60523. See, Consent and Joinder in Notice of Removal by Defendant, Ace Hardware Corp., attached hereto as Exhibit C.

9. Plaintiff's Complaint seeks monetary damages for personal injuries and lost wages for an alleged accident which occurred on November 11, 2009. See generally, Exhibit A.

10. Plaintiff alleges that, while using an 8' fiberglass step ladder, model #60600134 (hereinafter "the ladder"), he fell and sustained injuries which included, but are not limited to: "fracture to both right and left wrist requiring open reduction and internal fixation of both wrists, right index finger injury requiring multiple surgeries and surgery to right thumb tendon transfer for rupture of the extensor tendon. See, Exhibit A at ¶¶ 5, 6 and 12.

11. Plaintiff also alleges that, as a result of his injuries, he has sustained and will continue to sustain lost earnings and a loss of earning capacity which may be permanently impaired. Id. at ¶ 15.

12. Plaintiff's Complaint asserts claims of negligence and strict liability, as defined by the Restatement of Torts (Second), § 402A and Pennsylvania law, against each Defendant for the sale, lease, marketing, manufacturing and/or design of the subject ladder. See generally, Exhibit A.

13. Given the nature of the injuries alleged, as well as Plaintiff's claim for lost earnings and a loss of future earning capacity, a fair reading of Plaintiff's Complaint demonstrates that Plaintiff has set forth a claim which exceeds the jurisdictional limit of $75,000, exclusive of interests and costs.[1]

14. Pursuant to 28 U.S.C. § 1332(a)(1), this Honorable Court has original jurisdiction over this civil action due to diversity of citizenship between the parties and an amount in controversy in excess of $75,000, exclusive of interest and costs.

15. Defendant, True Value Company, files this notice of removal pursuant to 28 U.S.C. § 1441(a), as diversity of citizenship existed at the time Plaintiff filed his Complaint in the instant action and it continues through the time of filing of the instant notice.

16. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of Defendant's receipt of the initial pleading setting forth the claim for relief upon which this action is based.[2]

17. All other Defendants consent to the removal of this case from Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania. See, Exhibits B and C.

---

[1] The undersigned counsel sent a letter, via facsimile, to Plaintiff's Counsel on February 17, 2012, confirming that Plaintiff seeks relief in excess of $75,000. Plaintiff's Counsel did not respond indicating that this was incorrect. See, Ltr to Pl.'s Counsel dated February 17, 2012 at Exhibit D.
[2] See, Sikirica v. Nationwide Insurance Co., 416 F.3d 214 (3rd Cir. 2005)(stating that writ of summons is not "initial pleading" under 28 U.S.C.S. § 1446(b) that triggers the 30-day period for removal.); Judge v. Philadelphia Premium Outlets, 2010 U.S. Dist. LEXIS 56762 (2010)(holding that the 30-day removal period was triggered when defendant

18.    Promptly after filing this Notice of Removal in this Honorable Court, a copy of this Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, in accordance with 28 U.S.C. § 1446(d).

19.    Copies of all process, pleadings and orders served upon Defendant, True Value Company, as of the time of this removal are attached hereto in accordance with 28 U.S.C. § 1446(a). See, Exhibit E.

20.    Defendant, True Value Company, contemporaneous with the filing of this Notice of Removal, has provided written notice to Plaintiff's counsel.

WHEREFORE, petitioner places this Honorable Court on notice that the instant matter, presently docketed at November Term 2011, No. 0660, has been removed from the Philadelphia Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**

By: /s/ *Joseph Bongiovanni*   [JMB2278]
    Joseph Bongiovanni, IV, Esquire
    PA Identification No. 87848
    Attorney for Defendant,
    True Value Company
    1800 John F. Kennedy Boulevard
    Suite 1900
    Philadelphia, PA  19103
    jbongiovanni@mooclaw.com
    215-564-6688

Date:  February 24, 2012

---

could reasonably conclude from the pleadings or other documents that the amount in controversy exceeded the jurisdictional amount.)