# EXHIBIT "A"

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.*

True Value Company
Law Department
Received

JAN 3 0 2012

Attorney for plaintiff

---

| | | |
|---|---|---|
| PAUL KINTZELL | : | COURT OF COMMON PLEAS |
| Plaintiff | : | PHILADELPHIA COUNTY, PA |
| | : | CIVIL ACTION - LAW |
| v. | : | |
| | : | NOVEMBER TERM 2011 |
| WORLD FACTORY, INC. | : | NO. 660 |
| and | : | |
| TRUE VALUE COMPANY | : | |
| and | : | |
| ACE HARDWARE CORPORATION | : | |
| Defendants | : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia County Bar Association
Lawyers Referral and Information Service
1 Reading Center
Philadelphia, PA 19107
[215] 238-1701

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Lega
One Reading Center
Filadelfia, Pennsylvania 19107
Telef.: [215] 238-1701

Case ID: 111100660

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial*
*is demanded. An assessment of damages*
*hearing is not required.*

Attorney for plaintiff

---

| | | |
|---|---|---|
| PAUL KINTZELL | : | COURT OF COMMON PLEAS |
| 2526 Bond Avenue | : | PHILADELPHIA COUNTY, PA |
| Drexel Hill, PA 19026 | : | CIVIL ACTION - LAW |
| Plaintiff | : | |
| | : | NOVEMBER TERM 2011 |
| v. | : | NO. 660 |
| | : | |
| WORLD FACTORY, INC. | : | |
| 8 Campus Circle | : | |
| Westlake, TX 76262 | : | |
| and | : | |
| TRUE VALUE COMPANY | : | |
| 8600 West Bryn Mawr Avenue | : | |
| Chicago, IL 60631 | : | |
| and | : | |
| ACE HARDWARE CORPORATION | : | |
| 2200 Kensington Court | : | |
| Oak Brook, IL 60523 | : | |
| Defendants | : | |

## PLAINTIFF'S COMPLAINT

AND NOW, comes the plaintiff, Paul Kintzell, by and through his attorney, Thomas F.

Sacchetta, Esquire, and avers as follows:

1.    Plaintiff, Paul Kintzell, is an adult individual residing at 2526 Bond Avenue,

Drexel Hill, Pennsylvania 19026.

2.    Defendant, World Factory, Inc., is, upon information and believe, a corporation,

partnership, sole proprietorship, unincorporated association or other legal entity existing under

1

the laws of the State of Texas with an address of 8 Campus Circle, Westlake, Texas 76262. Defendant, World Factory, Inc., regularly conducts business in Philadelphia County.

    3.     Defendant, True Value Company, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Illinois with an address of 8600 West Bryn Mawr Avenue, Chicago, Illinois 60631. Defendant, True Value Company, regularly conducts business in Philadelphia County.

    4.     Defendant, Ace Hardware Corporation, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Illinois with an address of 2200 Kensington Court, Oak Brook, Illinois 60523. Defendant, Ace Hardware Corporation, regularly conducts business in Philadelphia County.

    5.     At all times material hereto, defendants, World Factory, Inc., True Value Company and Ace Hardware Corporation, were engaged in the selling, leasing, marketing, manufacturing and design of an 8' fiberglass step ladder, model #60600134 (hereinafter referred to as the "ladder").

    6.     On November 11, 2009, plaintiff, Paul Kintzell, while in the course and scope of his employment, was injured when he fell from the above referenced ladder.

    7.     The accident was caused by the negligence of defendants and each of them, and plaintiff brings this action to recover against them jointly and severally.

2

## COUNT I

### Plaintiff, Paul Kintzell v. Defendant, World Factory, Inc.

### NEGLIGENCE

8.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

9.     The incident and resulting injuries to plaintiff were caused by the negligence of defendant, World Factory, Inc., acting by and through its agents servants, workmen and employees.

10.     Such negligence and carelessness consisted of the following:

(a)     failing to properly equip the ladder with appropriate safety devices;

(b)     failing to offer devices or products so as to make the ladder safe;

(c)     allowing its ladder to be sold in a defective condition;

(d)     failing to warn users or others subject to injury resulting from the dangerous product, of the dangers associates with the ladder;

(e)     failing to investigate the dangers associated with its ladder and its use;

(f)     placing its product in the stream of commerce when it knew it was not properly equipped with all features to make the ladder safe for its intended use;

(g)     failing to properly design the ladder so that it would not cause harm or increase harm to others;

(h)     designing, manufacturing, assembling, selling and/or leasing a ladder which they knew, or should have known, was in a defective condition;

(i)     failing to perform tests or studies about the operation of the ladder;

3

Case ID: 111100660

(k)     ignoring evidence and facts about the dangers of the ladder when used in a reasonably foreseeable manner.

11.     The accident was caused by the negligence and recklessness of defendant, World Factory, Inc., and was in no way caused by the plaintiff.

12.     As a result of the accident, plaintiff, Paul Kintzell, suffered severe injuries which included, but were not limited to, fracture to both right and left wrist requiring open reduction and internal fixation of both wrists, right index finger injury requiring multiple surgeries and surgery to right thumb tendon transfer for rupture of the extensor tendon.

13.     As a result of plaintiff's injuries, he has endured and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma.

14.     As a result of plaintiff's injuries, he has expended and will be required to expend large sums of money for medical treatment rehabilitation and therapeutic treatment, and other attendant services;

15.     As a result of plaintiff's injuries, he has sustained and will continue to sustain lost earnings, and his earning capacity has been reduced and may be permanently impaired;

16.     As a result of plaintiff's injuries, he has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

WHEREFORE, plaintiff, Paul Kintzell, demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars, and in excess of this Court's arbitrational limit.

4

Case ID: 111100660

COUNT II

**Plaintiff, Paul Kintzell v. Defendant, True Value Company**

NEGLIGENCE

17.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

18.     The incident and resulting injuries to plaintiff were caused by the negligence of defendant, True Value Company, acting by and through its agents servants, workmen and employees.

19.     Such negligence and carelessness consisted of the following:

  (a)     failing to properly equip the ladder with appropriate safety devices;

  (b)     failing to offer devices or products so as to make the ladder safe;

  (c)     allowing its ladder to be sold in a defective condition;

  (d)     failing to warn users or others subject to injury resulting from the dangerous product, of the dangers associates with the ladder;

  (e)     failing to investigate the dangers associated with its ladder and its use;

  (f)     placing its product in the stream of commerce when it knew it was not properly equipped with all features to make the ladder safe for its intended use;

  (g)     failing to properly design the ladder so that it would not cause harm or increase harm to others;

  (h)     designing, manufacturing, assembling, selling and/or leasing a ladder which they knew, or should have known, was in a defective condition;

  (i)     failing to perform tests or studies about the operation of the ladder;

5

       (k)    ignoring evidence and facts about the dangers of the ladder when used in a reasonably foreseeable manner.

    20.    The accident was caused by the negligence and recklessness of defendant, True Value Company, and was in no way caused by the plaintiff.

    21.    As a result of the accident, plaintiff, Paul Kintzell, suffered severe injuries which included, but were not limited to, fracture to both right and left wrist requiring open reduction and internal fixation of both wrists, right index finger injury requiring multiple surgeries and surgery to right thumb tendon transfer for rupture of the extensor tendon.

    22.    As a result of plaintiff's injuries, he has endured and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma.

    23.    As a result of plaintiff's injuries, he has expended and will be required to expend large sums of money for medical treatment rehabilitation and therapeutic treatment, and other attendant services;

    24.    As a result of plaintiff's injuries, he has sustained and will continue to sustain lost earnings, and his earning capacity has been reduced and may be permanently impaired;

    25.    As a result of plaintiff's injuries, he has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

    WHEREFORE, plaintiff, Paul Kintzell, demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars, and in excess of this Court's arbitrational limit.

6

## COUNT III

### Plaintiff, Paul Kintzell v. Defendant, Ace Hardware Corporation

### NEGLIGENCE

26. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

27. The incident and resulting injuries to plaintiff were caused by the negligence of defendant, Ace Hardware Corporation, acting by and through its agents servants, workmen and employees.

28. Such negligence and carelessness consisted of the following:

 (a) failing to properly equip the ladder with appropriate safety devices;

 (b) failing to offer devices or products so as to make the ladder safe;

 (c) allowing its ladder to be sold in a defective condition;

 (d) failing to warn users or others subject to injury resulting from the dangerous product, of the dangers associates with the ladder;

 (e) failing to investigate the dangers associated with its ladder and its use;

 (f) placing its product in the stream of commerce when it knew it was not properly equipped with all features to make the ladder safe for its intended use;

 (g) failing to properly design the ladder so that it would not cause harm or increase harm to others;

 (h) designing, manufacturing, assembling, selling and/or leasing a ladder which they knew, or should have known, was in a defective condition;

 (i) failing to perform tests or studies about the operation of the ladder;

Case ID: 111100660

(k)    ignoring evidence and facts about the dangers of the ladder when used in a reasonably foreseeable manner.

29.    The accident was caused by the negligence and recklessness of defendant, Ace Hardware Corporation, and was in no way caused by the plaintiff.

30.    As a result of the accident, plaintiff, Paul Kintzell, suffered severe injuries which included, but were not limited to, fracture to both right and left wrist requiring open reduction and internal fixation of both wrists, right index finger injury requiring multiple surgeries and surgery to right thumb tendon transfer for rupture of the extensor tendon.

31.    As a result of plaintiff's injuries, he has endured and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma.

32.    As a result of plaintiff's injuries, he has expended and will be required to expend large sums of money for medical treatment rehabilitation and therapeutic treatment, and other attendant services;

33.    As a result of plaintiff's injuries, he has sustained and will continue to sustain lost earnings, and his earning capacity has been reduced and may be permanently impaired;

34.    As a result of plaintiff's injuries, he has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

WHEREFORE, plaintiff, Paul Kintzell, demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars, and in excess of this Court's arbitrational limit.

8

## COUNT IV

### Plaintiff, John Kinsey v. Defendant, World Factory, Inc.

### PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(a) AND PENNSYLVANIA INTERPRETIVE COMMON LAW

35.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

36.     The injuries and damages plaintiff were directly and proximately caused by the defective condition of the ladder, either by virtue of its defective design, defective manufacture, or defendant's failure to adequately warn of the dangers of the product, for which defendant, World Factory, Inc., is strictly liable to plaintiff.

37.     The ladder involved in the accident described above was defective for its foreseeable use and purpose.

38.     The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the ladder involved in the accident.

39.     The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendant, World Factory, Inc., to equip the ladder with all devices necessary to make it safe for its intended use.

WHEREFORE, plaintiff requests this court hold defendant, World Factory, Inc., strictly liable, jointly and severally, because its product was defective, as defined by Restatement of Torts (Second), §402(a) and Pennsylvania interpretive common law, and that an award of damages be entered in favor of plaintiff in an amount in excess of $50,000.00 and in excess of

9

this court's arbitrational limit.

## COUNT V

### Plaintiff, John Kinsey v. Defendant, True Value Company

### PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(a) AND PENNSYLVANIA INTERPRETIVE COMMON LAW

40.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

41.    The injuries and damages plaintiff were directly and proximately caused by the defective condition of the ladder, either by virtue of its defective design, defective manufacture, or defendant's failure to adequately warn of the dangers of the product, for which defendant, World Factory, Inc., is strictly liable to plaintiff.

42.    The ladder involved in the accident described above was defective for its foreseeable use and purpose.

43.    The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the ladder involved in the accident.

44.    The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendant, True Value Company, to equip the ladder with all devices necessary to make it safe for its intended use.

WHEREFORE, plaintiff requests this court hold defendant, True Value Company, strictly liable, jointly and severally, because its product was defective, as defined by Restatement of Torts (Second), §402(a) and Pennsylvania interpretive common law, and that an award of

10

Case ID: 111100660

damages be entered in favor of plaintiff in an amount in excess of $50,000.00 and in excess of this court's arbitrational limit.

## COUNT VI

### Plaintiff, John Kinsey v. Defendant, Ace Hardware Corporation

### PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(a) AND PENNSYLVANIA INTERPRETIVE COMMON LAW

45.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

46.    The injuries and damages plaintiff were directly and proximately caused by the defective condition of the ladder, either by virtue of its defective design, defective manufacture, or defendant's failure to adequately warn of the dangers of the product, for which defendant, World Factory, Inc., is strictly liable to plaintiff.

47.    The ladder involved in the accident described above was defective for its foreseeable use and purpose.

48.    The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the ladder involved in the accident.

49.    The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendant, Ace Hardware Corporation, to equip the ladder with all devices necessary to make it safe for its intended use.

WHEREFORE, plaintiff requests this court hold defendant, Ace Hardware Corporation, strictly liable, jointly and severally, because its product was defective, as defined by Restatement

11

Case ID: 111100660

of Torts (Second), §402(a) and Pennsylvania interpretive common law, and that an award of damages be entered in favor of plaintiff in an amount in excess of $50,000.00 and in excess of this court's arbitrational limit.

## COUNT VII - BREACH OF WARRANTY

### Plaintiff, Paul Kintzell v. Defendant, World Factory, Inc.

50.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

51.     At the time that they sold, leased or rented the defective ladder at issue, defendant, World Factory, Inc., was in the business of manufacturing and marketing ladders and was, with respect to this ladder, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

52.     The injuries and damages sustained by plaintiff, World Factory, Inc., was caused by a breach of the implied warranty of merchantability extended to plaintiff by defendant, World Factory, Inc., in connection with its sale, lease or rental of the defective ladder.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount in excess of that requiring compulsory arbitration.

## COUNT VIII - BREACH OF WARRANTY

### Plaintiff, Paul Kintzell v. Defendant, True Value Company

51.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

52.     At the time that they sold, leased or rented the defective ladder at issue, defendant,

12

True Value Company, was in the business of manufacturing and marketing ladders and was, with respect to this ladder, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

53.    The injuries and damages sustained by plaintiff, True Value Company, was caused by a breach of the implied warranty of merchantability extended to plaintiff by defendant, True Value Company, in connection with its sale, lease or rental of the defective ladder.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount in excess of that requiring compulsory arbitration.

## COUNT IX - BREACH OF WARRANTY

### Plaintiff, Paul Kintzell v. Defendant, Ace Hardware Corporation

54.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

55.    At the time that they sold, leased or rented the defective ladder at issue, defendant, Ace Hardware Corporation, was in the business of manufacturing and marketing ladders and was, with respect to this ladder, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

56.    The injuries and damages sustained by plaintiff, Ace Hardware Corporation, was caused by a breach of the implied warranty of merchantability extended to plaintiff by defendant, Ace Hardware Corporation, in connection with its sale, lease or rental of the defective ladder.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount in excess of

Case ID: 111100660

that requiring compulsory arbitration.

SACCHETTA & BALDINO

By:  /s/ Thomas F. Sacchetta
THOMAS F. SACCHETTA, ESQUIRE
Attorney for plaintiff

14

## VERIFICATION

I hereby verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.  The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

## CERTIFICATE OF SERVICE

Thomas F. Sacchetta, Esquire, attorney for plaintiff, hereby certifies that a true and correct copy of the foregoing Complaint was served via First Class Mail on January 26, 2012 on the following:

Warren E. Voter, Esquire
Sweeney & Sheehan
1515 Market Street, 19th Floor
Philadelphia, PA 19102

World Factory, Inc.
8 Campus Circle
Westlake, TX 76262

True Value Company
8600 West Bryn Mawr Avenue
Chicago, IL 60631

SACCHETTA & BALDINO


By:     /s/ Thomas F. Sacchetta
        THOMAS F. SACCHETTA, ESQUIRE
        Attorney for plaintiff

# EXHIBIT "B"

{PH466483.1}

# KELLY  HART

BRANDON HURLEY
brandon.hurley@kellyhart.com

TELEPHONE: 817-878-3542
FAX: -817-878-9280

February 19, 2012

Joseph N. Bongiovanni IV
Marks, O'Neill, O'Brien & Courtney, P.C.          **VIA EMAIL**
Suite 1900
1800 John F. Kennedy Boulevard
Philadelphia, PA 19103

     Re:    Kintzell v. World Factory, *et al.*, Case No. 660; pending in the Court of Common Please,
          Philadelphia County, Pennsylvania

Dear Joe:

    As we discussed, this firm is the outside counsel for World Factory, Inc.  World Factory is a
Delaware corporation with its headquarters located in Tarrant County, Texas.  It does not maintain an
office in Pennsylvania.

    On behalf of World Factory, Inc., we consent to the removal of the above referenced case to
federal district court based on the diversity of the parties.

                        Sincerely,

                        Brandon T. Hurley

Document2

# EXHIBIT "C"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL KINTZELL | CIVIL ACTION |
| v. | |
| WORLD FACTORY, INC., TRUE VALUE COMPANY and ACE HARDWARE CORPORATION | NO. |

### CONSENT AND JOINDER IN NOTICE OF REMOVAL OF CIVIL ACTION

Defendant, ACE Hardware Corporation is a Delaware Corporation with its principal place of business located at 2200 Kensington Court, Oak Brook, IL 60523 and by and through its attorneys, SWEENEY & SHEEHAN, hereby consents to and joins in the Notice of Removal of Civil Action filed by Defendant, True Value Company.

SWEENEY & SHEEHAN

By: _____
Warren E. Voter
Attorney for Defendant,
ACE Hardware Corporation

# EXHIBIT "D"

{PH466483.1}

# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

ATTORNEYS AT LAW                                                                    www.mooclaw.com

*PHILADELPHIA OFFICE*                                          **Joseph N. Bongiovanni IV**
*Suite 1900*                                                          Member NJ & PA Bars
*1800 John F. Kennedy Boulevard*                          jbongiovanni@mooclaw.com
*Philadelphia, PA 19103*
*(215) 564-6688 Fax: (215) 564-2526*

February 17, 2012

**VIA FACSIMILE**
Thomas F. Sacchetta, Esquire
Sacchetta & Baldino
308 East Second Street
Media, PA  19063

RE:  **Paul Kintzell v. World Factory, Inc., True Value Company and  Ace Hardware
Corporation; PCCP 111100660
Our File No.: 308-93157**

Dear Mr. Sacchetta:

I hope you are doing well.  I called you earlier today regarding this case. Kindly confirm
that Plaintiff's Complaint in the above-referenced matter seeks in excess of $75,000 in damages
by the close of business on Monday, February 20, 2012.  If we do not hear from you by then, we
will assume Plaintiff's Complaint meets the federal jurisdiction monetary requirements for
removal and file a notice to remove.

Thank you for your attention to this matter.

Sincerely,

**MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**

By: _____

Joseph N. Bongiovanni
Christa A. Solfanelli

CAS/akc

Cc: Warren E. Voter, Esquire (via fax)

{PH522948.1}

| Pennsauken | New York City | Pittsburgh | Wilmington | Towson | Elmsford |
|------------|---------------|------------|------------|--------|----------|
| New Jersey | New York | Pennsylvania | Delaware | Maryland | New York |

# EXHIBIT "E"

{PH466483.1}

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.*

Filed and Attested by
PROTHONOTARY
10 NOV 2011 02:53 pm
MURPHY

Attorney for plaintiff

| | | |
|---|---|---|
| PAUL KINTZELL | : | COURT OF COMMON PLEAS |
| 2526 Bond Avenue | : | PHILADELPHIA COUNTY, PA |
| Drexel Hill, PA 19026 | : | CIVIL ACTION - LAW |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| WORLD FACTORY, INC. | : | |
| 8 Campus Circle | : | |
| Westlake, TX 76262 | : | |
| and | : | |
| TRUE VALUE COMPANY | : | |
| 8600 West Bryn Mawr Avenue | : | |
| Chicago, IL 60631 | : | |
| and | : | |
| ACE HARDWARE CORPORATION | : | |
| 2200 Kensington Court | : | |
| Oak Brook, IL 60523 | : | |
| Defendants | : | |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons - Civil Action in the above-captioned matter.


/s/ Thomas F. Sacchetta
THOMAS F. SACCHETTA, ESQUIRE
Attorney for plaintiff


OF COUNSEL:
SACCHETTA & BALDINO
308 EAST SECOND STREET
MEDIA, PA 19063

Case ID: 111100660

C.P.97

# Commonwealth of Pennsylvania

### CITY AND COUNTY OF PHILADELPHIA

**SUMMONS**
*CITACION*

Paul Kintzell

**COURT OF COMMON PLEAS**

_____ Term, 20_____

No. _____

*vs.*

World Factory, Inc.,
True Value Company and
Ace Hardware Corporation

**To**(1)

World Factory, Inc.,
True Value Company and
Ace Hardware Corporation

**You are notified that the Plaintiff**(2)
*Usted esta avisado que el demandante*(2)

Paul Kintzell

**Has (have) commenced an action against you.**
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____

Date _____



111100660
10 NOV 2011 02:53 pm
J. MURPHY

(1) Name(s) of Defendant(s)
(2) Name(s) of Plaintiff(s)

10-208 (Rev. 8/00)

Case ID: 111100660

COURT OF COMMON PLEAS

_____ Term, 20 _____ No. _____

Paul Kintzell

vs.

World Factory, Inc.,
True Value Company and
Ace Hardware Corporation

SUMMONS

Case ID: 111100660

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212                                    Attorney for plaintiff

*Filed and Attested by
PROTHONOTARY
13 DEC 2011 12:27 pm
K. PAIN*

| | | |
|---|---|---|
| PAUL KINTZELL | : | COURT OF COMMON PLEAS |
| Plaintiff | : | PHILADELPHIA COUNTY, PA |
| | : | CIVIL ACTION - LAW |
| v. | : | |
| | : | NOVEMBER TERM 2011 |
| WORLD FACTORY, INC., et al. | : | NO. 660 |
| Defendants | : | |

*Commonwealth of Pennsylvania*          :
                                                          :
*County of Delaware*                              :

## AFFIDAVIT OF SERVICE

Thomas F. Sacchetta, Esquire, being duly sworn according to law, does hereby certify

that he caused a time-stamped copy of the Writ of Summons, in this matter, to be served upon

defendant, True Value Company, via Certified Mail, Return Receipt Requested directed to 8600

West Bryn Mawr Avenue, Chicago, Illinois 60631. A copy of the certified mail receipt

evidencing delivery is attached hereto.

                                        SACCHETTA & BALDINO

                              By:  _____
                                        THOMAS F. SACCHETTA, ESQUIRE
                                        Attorney for plaintiff

*Sworn to and subscribed before me*
*this ____ day of December 2011.*

_____
*Notary Public*

NOTARIAL SEAL
STEPHANIE ZARZYCKI
Notary Public
MEDIA BOROUGH, DELAWARE COUNTY
My Commission Expires Jul 22, 2012

Case ID: 111100660

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. 50/6 | A. Signature<br>X _____ ☐ Agent<br>         ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>True Value Company<br>8600 West Bryn Mawr Avenue<br>Chicago, IL 60631 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:   ☐ No<br><br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered      ☑ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>   (Transfer from service label) | 7010 0290 0003 1551 6927 |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

Case ID: 111100660

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.*

True Value Company
Law Department
Received
JAN 3 0 2012

Filed and attested by
PROTHONOTARY
...

Attorney for plaintiff

| | | |
|---|---|---|
| PAUL KINTZELL | : | COURT OF COMMON PLEAS |
| Plaintiff | : | PHILADELPHIA COUNTY, PA |
| | : | CIVIL ACTION - LAW |
| v. | : | |
| | : | NOVEMBER TERM 2011 |
| WORLD FACTORY, INC. | : | NO. 660 |
| and | : | |
| TRUE VALUE COMPANY | : | |
| and | : | |
| ACE HARDWARE CORPORATION | : | |
| Defendants | : | |

### NOTICE TO DEFEND

#### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia County Bar Association
Lawyers Referral and Information Service
1 Reading Center
Philadelphia, PA 19107
[215] 238-1701

#### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Lega
One Reading Center
Filadelfia, Pennsylvania 19107
Telef.: [215] 238-1701

Case ID: 111100660

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. No. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.*

Attorney for plaintiff

---

| | | |
|---|---|---|
| PAUL KINTZELL | : | COURT OF COMMON PLEAS |
| 2526 Bond Avenue | : | PHILADELPHIA COUNTY, PA |
| Drexel Hill, PA 19026 | : | CIVIL ACTION - LAW |
| Plaintiff | : | |
| | : | NOVEMBER TERM 2011 |
| v. | : | NO. 660 |
| | : | |
| WORLD FACTORY, INC. | : | |
| 8 Campus Circle | : | |
| Westlake, TX 76262 | : | |
| and | : | |
| TRUE VALUE COMPANY | : | |
| 8600 West Bryn Mawr Avenue | : | |
| Chicago, IL 60631 | : | |
| and | : | |
| ACE HARDWARE CORPORATION | : | |
| 2200 Kensington Court | : | |
| Oak Brook, IL 60523 | : | |
| Defendants | : | |

## PLAINTIFF'S COMPLAINT

AND NOW, comes the plaintiff, Paul Kintzell, by and through his attorney, Thomas F. Sacchetta, Esquire, and avers as follows:

1.  Plaintiff, Paul Kintzell, is an adult individual residing at 2526 Bond Avenue, Drexel Hill, Pennsylvania 19026.

2.  Defendant, World Factory, Inc., is, upon information and believe, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under

1

the laws of the State of Texas with an address of 8 Campus Circle, Westlake, Texas 76262. Defendant, World Factory, Inc., regularly conducts business in Philadelphia County.

3.      Defendant, True Value Company, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Illinois with an address of 8600 West Bryn Mawr Avenue, Chicago, Illinois 60631.  Defendant, True Value Company, regularly conducts business in Philadelphia County.

4.      Defendant, Ace Hardware Corporation, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Illinois with an address of 2200 Kensington Court, Oak Brook, Illinois 60523.  Defendant, Ace Hardware Corporation, regularly conducts business in Philadelphia County.

5.      At all times material hereto, defendants, World Factory, Inc., True Value Company and Ace Hardware Corporation, were engaged in the selling, leasing, marketing, manufacturing and design of an 8' fiberglass step ladder, model #60600134 (hereinafter referred to as the "ladder").

6.      On November 11, 2009, plaintiff, Paul Kintzell, while in the course and scope of his employment, was injured when he fell from the above referenced ladder.

7.      The accident was caused by the negligence of defendants and each of them, and plaintiff brings this action to recover against them jointly and severally.

2

Case ID: 111100660

## COUNT I

### Plaintiff, Paul Kintzell v. Defendant, World Factory, Inc.

### NEGLIGENCE

8. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

9. The incident and resulting injuries to plaintiff were caused by the negligence of defendant, World Factory, Inc., acting by and through its agents servants, workmen and employees.

10. Such negligence and carelessness consisted of the following:

    (a)    failing to properly equip the ladder with appropriate safety devices;

    (b)    failing to offer devices or products so as to make the ladder safe;

    (c)    allowing its ladder to be sold in a defective condition;

    (d)    failing to warn users or others subject to injury resulting from the dangerous product, of the dangers associates with the ladder;

    (e)    failing to investigate the dangers associated with its ladder and its use;

    (f)    placing its product in the stream of commerce when it knew it was not properly equipped with all features to make the ladder safe for its intended use;

    (g)    failing to properly design the ladder so that it would not cause harm or increase harm to others;

    (h)    designing, manufacturing, assembling, selling and/or leasing a ladder which they knew, or should have known, was in a defective condition;

    (i)    failing to perform tests or studies about the operation of the ladder;

3

(k)     ignoring evidence and facts about the dangers of the ladder when used in a reasonably foreseeable manner.

11.     The accident was caused by the negligence and recklessness of defendant, World Factory, Inc., and was in no way caused by the plaintiff.

12.     As a result of the accident, plaintiff, Paul Kintzell, suffered severe injuries which included, but were not limited to, fracture to both right and left wrist requiring open reduction and internal fixation of both wrists, right index finger injury requiring multiple surgeries and surgery to right thumb tendon transfer for rupture of the extensor tendon.

13.     As a result of plaintiff's injuries, he has endured and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma.

14.     As a result of plaintiff's injuries, he has expended and will be required to expend large sums of money for medical treatment rehabilitation and therapeutic treatment, and other attendant services;

15.     As a result of plaintiff's injuries, he has sustained and will continue to sustain lost earnings, and his earning capacity has been reduced and may be permanently impaired;

16.     As a result of plaintiff's injuries, he has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

WHEREFORE, plaintiff, Paul Kintzell, demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars, and in excess of this Court's arbitrational limit.

Case ID: 111100660

## COUNT II

### Plaintiff, Paul Kintzell v. Defendant, True Value Company

### NEGLIGENCE

17.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

18.     The incident and resulting injuries to plaintiff were caused by the negligence of defendant, True Value Company, acting by and through its agents servants, workmen and employees.

19.     Such negligence and carelessness consisted of the following:

(a)     failing to properly equip the ladder with appropriate safety devices;

(b)     failing to offer devices or products so as to make the ladder safe;

(c)     allowing its ladder to be sold in a defective condition;

(d)     failing to warn users or others subject to injury resulting from the dangerous product, of the dangers associates with the ladder;

(e)     failing to investigate the dangers associated with its ladder and its use;

(f)     placing its product in the stream of commerce when it knew it was not properly equipped with all features to make the ladder safe for its intended use;

(g)     failing to properly design the ladder so that it would not cause harm or increase harm to others;

(h)     designing, manufacturing, assembling, selling and/or leasing a ladder which they knew, or should have known, was in a defective condition;

(i)     failing to perform tests or studies about the operation of the ladder;

5

(k)     ignoring evidence and facts about the dangers of the ladder when used in a reasonably foreseeable manner.

20.     The accident was caused by the negligence and recklessness of defendant, True Value Company, and was in no way caused by the plaintiff.

21.     As a result of the accident, plaintiff, Paul Kintzell, suffered severe injuries which included, but were not limited to, fracture to both right and left wrist requiring open reduction and internal fixation of both wrists, right index finger injury requiring multiple surgeries and surgery to right thumb tendon transfer for rupture of the extensor tendon.

22.     As a result of plaintiff's injuries, he has endured and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma.

23.     As a result of plaintiff's injuries, he has expended and will be required to expend large sums of money for medical treatment rehabilitation and therapeutic treatment, and other attendant services;

24.     As a result of plaintiff's injuries, he has sustained and will continue to sustain lost earnings, and his earning capacity has been reduced and may be permanently impaired;

25.     As a result of plaintiff's injuries, he has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

WHEREFORE, plaintiff, Paul Kintzell, demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars, and in excess of this Court's arbitrational limit.

6

Case ID: 111100660

## COUNT III

### Plaintiff, Paul Kintzell v. Defendant, Ace Hardware Corporation

### NEGLIGENCE

26.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

27.     The incident and resulting injuries to plaintiff were caused by the negligence of defendant, Ace Hardware Corporation, acting by and through its agents servants, workmen and employees.

28.     Such negligence and carelessness consisted of the following:

    (a)     failing to properly equip the ladder with appropriate safety devices;

    (b)     failing to offer devices or products so as to make the ladder safe;

    (c)     allowing its ladder to be sold in a defective condition;

    (d)     failing to warn users or others subject to injury resulting from the dangerous product, of the dangers associates with the ladder;

    (e)     failing to investigate the dangers associated with its ladder and its use;

    (f)     placing its product in the stream of commerce when it knew it was not properly equipped with all features to make the ladder safe for its intended use;

    (g)     failing to properly design the ladder so that it would not cause harm or increase harm to others;

    (h)     designing, manufacturing, assembling, selling and/or leasing a ladder which they knew, or should have known, was in a defective condition;

    (i)     failing to perform tests or studies about the operation of the ladder;

7

Case ID: 111100660

(k)      ignoring evidence and facts about the dangers of the ladder when used in a reasonably foreseeable manner.

29.      The accident was caused by the negligence and recklessness of defendant, Ace Hardware Corporation, and was in no way caused by the plaintiff.

30.      As a result of the accident, plaintiff, Paul Kintzell, suffered severe injuries which included, but were not limited to, fracture to both right and left wrist requiring open reduction and internal fixation of both wrists, right index finger injury requiring multiple surgeries and surgery to right thumb tendon transfer for rupture of the extensor tendon.

31.      As a result of plaintiff's injuries, he has endured and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma.

32.      As a result of plaintiff's injuries, he has expended and will be required to expend large sums of money for medical treatment rehabilitation and therapeutic treatment, and other attendant services;

33.      As a result of plaintiff's injuries, he has sustained and will continue to sustain lost earnings, and his earning capacity has been reduced and may be permanently impaired;

34.      As a result of plaintiff's injuries, he has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

WHEREFORE, plaintiff, Paul Kintzell, demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars, and in excess of this Court's arbitrational limit.

Case ID: 111100660

## COUNT IV

### Plaintiff, John Kinsey v. Defendant, World Factory, Inc.

### PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(a) AND PENNSYLVANIA INTERPRETIVE COMMON LAW

35.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

36.     The injuries and damages plaintiff were directly and proximately caused by the defective condition of the ladder, either by virtue of its defective design, defective manufacture, or defendant's failure to adequately warn of the dangers of the product, for which defendant, World Factory, Inc., is strictly liable to plaintiff.

37.     The ladder involved in the accident described above was defective for its foreseeable use and purpose.

38.     The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the ladder involved in the accident.

39.     The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendant, World Factory, Inc., to equip the ladder with all devices necessary to make it safe for its intended use.

WHEREFORE, plaintiff requests this court hold defendant, World Factory, Inc., strictly liable, jointly and severally, because its product was defective, as defined by Restatement of Torts (Second), §402(a) and Pennsylvania interpretive common law, and that an award of damages be entered in favor of plaintiff in an amount in excess of $50,000.00 and in excess of

9

this court's arbitrational limit.

## COUNT V

### Plaintiff, John Kinsey v. Defendant, True Value Company

### PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(a) AND PENNSYLVANIA INTERPRETIVE COMMON LAW

40.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

41.     The injuries and damages plaintiff were directly and proximately caused by the defective condition of the ladder, either by virtue of its defective design, defective manufacture, or defendant's failure to adequately warn of the dangers of the product, for which defendant, World Factory, Inc., is strictly liable to plaintiff.

42.     The ladder involved in the accident described above was defective for its foreseeable use and purpose.

43.     The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the ladder involved in the accident.

44.     The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendant, True Value Company, to equip the ladder with all devices necessary to make it safe for its intended use.

WHEREFORE, plaintiff requests this court hold defendant, True Value Company, strictly liable, jointly and severally, because its product was defective, as defined by Restatement of Torts (Second), §402(a) and Pennsylvania interpretive common law, and that an award of

10

damages be entered in favor of plaintiff in an amount in excess of $50,000.00 and in excess of this court's arbitrational limit.

## COUNT VI

### Plaintiff, John Kinsey v. Defendant, Ace Hardware Corporation

### PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(a) AND PENNSYLVANIA INTERPRETIVE COMMON LAW

45.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

46.     The injuries and damages plaintiff were directly and proximately caused by the defective condition of the ladder, either by virtue of its defective design, defective manufacture, or defendant's failure to adequately warn of the dangers of the product, for which defendant, World Factory, Inc., is strictly liable to plaintiff.

47.     The ladder involved in the accident described above was defective for its foreseeable use and purpose.

48.     The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the ladder involved in the accident.

49.     The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendant, Ace Hardware Corporation, to equip the ladder with all devices necessary to make it safe for its intended use.

WHEREFORE, plaintiff requests this court hold defendant, Ace Hardware Corporation, strictly liable, jointly and severally, because its product was defective, as defined by Restatement

11

of Torts (Second), §402(a) and Pennsylvania interpretive common law, and that an award of

damages be entered in favor of plaintiff in an amount in excess of $50,000.00 and in excess of

this court's arbitrational limit.

## COUNT VII - BREACH OF WARRANTY

### Plaintiff, Paul Kintzell v. Defendant, World Factory, Inc.

50.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as

though fully set forth at length.

51.    At the time that they sold, leased or rented the defective ladder at issue, defendant,

World Factory, Inc., was in the business of manufacturing and marketing ladders and was, with

respect to this ladder, a "merchant" within the meaning of Article II of the Pennsylvania Uniform

Commercial Code.

52.    The injuries and damages sustained by plaintiff, World Factory, Inc., was caused

by a breach of the implied warranty of merchantability extended to plaintiff by defendant, World

Factory, Inc., in connection with its sale, lease or rental of the defective ladder.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally,

in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount in excess of

that requiring compulsory arbitration.

## COUNT VIII - BREACH OF WARRANTY

### Plaintiff, Paul Kintzell v. Defendant, True Value Company

51.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as

though fully set forth at length.

52.    At the time that they sold, leased or rented the defective ladder at issue, defendant,

12

True Value Company, was in the business of manufacturing and marketing ladders and was, with respect to this ladder, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

53.     The injuries and damages sustained by plaintiff, True Value Company, was caused by a breach of the implied warranty of merchantability extended to plaintiff by defendant, True Value Company, in connection with its sale, lease or rental of the defective ladder.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount in excess of that requiring compulsory arbitration.

## COUNT IX - BREACH OF WARRANTY

### Plaintiff, Paul Kintzell v. Defendant, Ace Hardware Corporation

54.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

55.     At the time that they sold, leased or rented the defective ladder at issue, defendant, Ace Hardware Corporation, was in the business of manufacturing and marketing ladders and was, with respect to this ladder, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

56.     The injuries and damages sustained by plaintiff, Ace Hardware Corporation, was caused by a breach of the implied warranty of merchantability extended to plaintiff by defendant, Ace Hardware Corporation, in connection with its sale, lease or rental of the defective ladder.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount in excess of

Case ID: 111100660

that requiring compulsory arbitration.

SACCHETTA & BALDINO


By:    /s/ Thomas F. Sacchetta
       THOMAS F. SACCHETTA, ESQUIRE
       Attorney for plaintiff

14

Case ID: 111100660

## <u>VERIFICATION</u>

I hereby verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.  The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

## CERTIFICATE OF SERVICE

Thomas F. Sacchetta, Esquire, attorney for plaintiff, hereby certifies that a true and correct copy of the foregoing Complaint was served via First Class Mail on January 26, 2012 on the following:

Warren E. Voter, Esquire
Sweeney & Sheehan
1515 Market Street, 19th Floor
Philadelphia, PA 19102

World Factory, Inc.
8 Campus Circle
Westlake, TX 76262

True Value Company
8600 West Bryn Mawr Avenue
Chicago, IL 60631

SACCHETTA & BALDINO

By:   /s/ Thomas F. Sacchetta
THOMAS F. SACCHETTA, ESQUIRE
Attorney for plaintiff

Case ID: 111100660